## R. L. COTTON v. STATE.

No. A-3061. Opinion Filed November 23. 1918.

(175 Pac. 942.) )

DISORDERLY HOUSE—Offense—Sufficiency of Evidence. Evidence, in a prosecution for conducting and maintaining a disorderly house, **held** sufficient to sustain a conviction.

*Appeal from County Court, Okmulgee County;*
*Dudley C. Monk, Judge.*

R. L. Cotton was convicted of the crime of conducting a disorderly house, and he appeals. Affirmed.

*E. M. Carter,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. R. L. Cotton was convicted in the county court of Okmulgee county of unlawfully and willfully conducting and maintaining a disorderly house, and his punishment fixed at a fine of $500. From this judgment of conviction he has appealed to this court and asks a reversal on the sole ground that the evidence is insufficient to sustain the conviction.

The court has carefully considered the briefs, both for the plaintiff in error and for the state, and has read the entire transcript of the evidence. There is some conflict in the evidence, but in substance the state proved that the defendant, a negro man, was operating a rooming

house on the outskirts of the city of Okmulgee. He lived in this house with a woman who was not his wife, and on a certain Sunday afternoon in March, 1917, the sheriff of Okmulgee county, together with the chief of police of the city of Okmulgee, and other officers, made a visit to the premises occupied and maintained by this defendant. When they approached the premises, five or six white men were seen to run out of the back door and escape. Inside the house were found two white men and two white women, apparently somewhat intoxicated and dancing to music played on a piano by the defendant. There were several bedrooms in the house, and in one bed was found a man very drunk. Quite an amount of intoxicating liquor was found upon the premises, and the persons assembled there were acting in a noisy and dissolute manner. One of the white women was recognized as a prostitute. The other white woman was a stranger to the officers.

The negro woman who was living with the defendant testified that she was not lawfully married to the defendant and that they were keeping a rooming house at said premises. The evidence is undisputed that the house bore the general reputation in that community of being a house of assignation and ill fame.

The defendant testified in his own behalf that he was operating the premises and worked in the daytime and had no knowledge that the house was conducted as a house of prostitution and that he had never seen any lewd or lascivious conduct at said place.

It is apparent that persons of dissolute character were permitted to congregate at this place, that on this particular Sunday afternoon the parties there assembled were conducting themselves in a lewd and lascivious manner, and that the place itself was one of ill repute. This evi-

dence was sufficient to sustain conviction, and whatever conflict there was was decided by the jury adversely to the contentions of the defendant, and this court will not disturb the verdict.

The judgment is affirmed.